UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>THE MCCABE GROUP, P.C.,<br><br>DEBTOR | CHAPTER 7<br>CASE NO. 03-17429-WCH |
| JOSEPH BRAUNSTEIN, CHAPTER 7 TRUSTEE,<br>PLAINTIFF<br><br>v.<br><br>GEORGE PANAGIOTOU, GEDCO, LLC AND TINA VALCARENGHI,<br><br>DEFENDANTS | ADVERSARY PROCEEDING NO. 06-1242 |

MEMORANDUM OF DECISION
REGARDING TINA VALCARENGHI'S MOTION TO DISMISS

I. Introduction

Joseph Braunstein, as Chapter 7 trustee (the "Plaintiff"), filed the above-captioned adversary proceeding seeking to recover unpaid legal fees which George Panagiotou ("Panagiotou"), GEDCO, LLC ("GEDCO") and Tina Valcarenghi ("Valcarenghi"), collectively the "Defendants") allegedly owed the McCabe Group, P.C. (the "Debtor"). Valcarenghi has moved to dismiss the Complaint to Recover Fees for Legal Services Rendered (the "Complaint") on the grounds of res judicata. For the reasons set forth below, I will enter an order denying the

1

motion.

II. Background

In the Complaint, the Trustee alleges that in 1998, Panagiotou, through his former company Pana-tek ("Pana-tek"), and Valcarenghi hired the Debtor to, *inter alia*, pursue a collection matter against Robert and Bernardine Erkins (the "Claim"). To that end, Pana-tek and Valcarenghi entered into a series of agreements with the Debtor which addressed the payment of fees. The parties allegedly signed two agreements in 1998 and 1999 and two agreements in 2002. Before the parties entered into the last agreement, judgment had been entered in favor of Panagiotou and a related debtor, Edwin McCabe ("McCabe").[1] McCabe and Panagiotou formed GEDCO in order to collect on the judgment. GEDCO also hired the Debtor. Between March of 1998 and October of 2004, the Debtor performed services for the Defendants which services totaled $591,722.12 (the "Fees").

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 3, 2003. His case was converted to Chapter 7 in November of 2004. The Trustee contends in the Complaint that the Defendants have failed to pay the Fees. The first count of the Complaint seeks the Fees based upon the theory of "services rendered." The second count is for *quantum meruit*, the third is for breach of contract, and the fourth is for "an account annexed." The only attachment to the Complaint is the account annexed.

Valcarenghi has moved to dismiss principally on the grounds that the Complaint is subject to res judicata based upon an earlier state court proceeding in which she prevailed on her

---

[1] Mr. McCabe was the president and sole shareholder of the Debtor. His bankruptcy case is pending before this court.

2

motion to dismiss. She also claims that because McCabe explained during the state court proceedings that he never represented Valcarenghi, the Trustee will be unable to prove the essential facts in this case.

To provide more detail regarding the Trustee's series of events, Valcarenghi refers to the complaint and decision in the state court action which she appended to her motion.[2] In his decision (the "Decision") Judge van Gestel decided a number of motions to dismiss including Valcarenghi's motion. Judge van Gestel wrote that the Claim arose from a lawsuit which a now-defunct Boston law firm, Gaston & Snow, brought against the Erkins for non-payment of legal fees. In 1998, after Gaston & Snow became a Chapter 11 debtor and before judgment had entered against the Erkins, McCabe arranged for the assignment of the Claim to Panagiotou, Valcarenghi and Pana-tek via several agreements. Judgment entered against the Erkins for more than $5 million. According to the agreements which McCabe, Panagioutou, Pana-tek and Valcarenghi signed, McCabe was entitled to a portion of the judgment. For purposes of the Decision, Judge van Gestel found that Panagiotou and Valcarenghi divorced in 2000 and that Valcarenghi's rights to share in the proceeds of the Claim passed to Panagiotou as part of their divorce.

Judge van Gestel explained that Count Eight of the complaint in the State Court Action was against Valcarenghi for breach of the agreements because the plaintiffs alleged that she had improperly attempted to assign her interest in the Claim. Counts Nine and Ten, he wrote, were

---

[2]Valcarenghi attaches to her motion to dismiss an affidavit and documents from *Bliss Valley Prop., LLC, Devils Corral, LLC, Gedco, LLC, Edwin McCabe, The McCabe Group, P.C. George Panagiotou and Pana-Tek, Inc. v. Eliopulos et al.*, 2005 WL 1683749 (Mass Sup. Ct. 2005) (the "State Court Action"). Those documents include the published decision, the complaint from the State Court Action and a letter and affidavit from that action as well.

3

against Valcarenghi regarding the same action on the theories of breaches of the covenant of good faith and fair dealing and tortious misconduct. Counts Eleven and Twelve were against all defendants for unjust enrichment, an accounting and for violations of Mass. Gen. Laws ch. 93A. Judge van Gestel described that the "one unifying force in the First Amended Complaint that purports to tie all of the defendants together is a grand conspiracy theory. The First Amended Complaint contained the words, "The Campaign" to describe the 'combination, conspiracy and joint enterprise of the defendants.' The defendants are alleged to have come together in a countrywide conspiracy to defeat the plaintiffs' ability to recover from the Erkinses on the Bianco Judgment." Decision, at *4.

Judge van Gestel then began to discuss the two types of civil conspiracy recognized in Massachusetts. He concluded that Valcarenghi did not contribute in any way to the conspiracy and that any conspiracy claim must be dismissed. He also dismissed the Mass. Gen. Laws ch. 93A claims against all of the defendants. With respect to the claim of the defendants over which the court lacked personal jurisdiction, Judge van Gestel wrote that their "forum contacts with Massachusetts were insufficiently related to the multifarious claims in the First Amended Complaint to confer personal jurisdiction and, therefore, should be dismissed." *Id.* at *9. Judge van Gestel then, *inter alia*, allowed Valcarenghi's motion to dismiss.

In support of her res judicata argument, Valcarenghi explains that the Debtor in the State Court Action sought relief against her based upon the agreements described above. She contends that in granting her motion to dismiss, Judge van Gestel concluded that there was no personal jurisdiction and that the counts lacked merit. Because the parties in this action are in privity, there was a final judgment on the merits and the issues in this action are those that could have

4

been addressed in the State Court Action, this action must be dismissed.

In his response, the Trustee contends that because Valcarenghi relies upon documents which are not contained in the Complaint, the motion to dismiss should be converted into a summary judgment motion and the Trustee must be afforded an opportunity to conduct discovery before such a motion is decided. The Trustee then objects to the dismissal motion on the grounds that Valcarenghi cannot meet the standards for a res judicata defense. In support, the Trustee contends that the State Court Action was dismissed for lack of personal jurisdiction and, therefore, that there was not a final judgment on the merits. The Trustee also contends that there is no privity between the Trustee and the Debtor and there is no identity of claims.

I held a hearing at which time the parties elaborated on the foregoing issues. I took the matter under advisement.

III. Analysis

1. Standards for Motion to Dismiss

In ruling upon a motion to dismiss, the Court must accept as true all well pleaded factual allegations of the complaint. The plaintiff must be given the benefit of all reasonable inferences, and the motion must be denied unless it appears that the plaintiff can prove no set of facts in support of its claims that would entitle it to the relief sought. *Hishon v. King & Spaulding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957).

Great specificity is ordinarily not required to survive a Rule 12(b)(6) motion. It is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading. *Garita Hotel Limited Partnership v. Ponce Federal Bank*, 958 F.2d 15, 17 (1st Cir. 1992).

5

In addition to the foregoing standard, I must also decide whether I can look to documents outside of the Complaint without treating the Motion as one for summary judgment. Valcarenghi explained that because she submitted documents generated during the course of the State Court Action, I could deem her motion to be one for summary judgment but that I need not so proceed. The Trustee contends that based upon the submission of documents beyond the Complaint, the motion to dismiss must be treated as a summary judgment motion.

The First Circuit has held that with respect to a motion to dismiss, the trial court must look to the complaint and may also look to "matters fairly incorporated within it and matters susceptible to judicial notice." *Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp)*, 324 F.3d 12, 16 (1st Cir. 2003). The First Circuit has further explained that courts may look at public records, *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993), and that prior state court cases are public record. *Rasheed v. Duval*, 57 F.3d 1061 *1 (1st Cir. 1995). *See also Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). Based upon this precedent, I may review the complaint and decision in the State Court Action without converting the motion to dismiss into a motion for summary judgment. The foregoing guidelines do not permit me to use the letter from the Debtor but do allow for review of the Affidavit of Edwin A. McCabe in Support of Plaintiffs' Opposition to the Motion to Dismiss of Defendants Tina Valcarenghi and Therapeutic Comprehensive Services, Inc. (the "Affidavit").[3]

2. Res Judicata

I must "look to state law in deciding the res judicata effect of a state court judgment in

---

[3]In the Affidavit, McCabe represented that at a minimum, his representation of Valcarenghi terminated in December of 2000.

6

federal court." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-2 (1982). To establish a defense of res judicata in Massachusetts, Valcarenghi must demonstrate that there was a final judgment on the merits, between parties who were in privity and regarding issues that were or could have been addressed in prior litigation. *Isaac v. Schwartz*, 706 F.2d 15, 16-7 (1st Cir. 1995).

The Trustee contends that because Judge van Gestel ruled that he lacked jurisdiction, he had no jurisdiction to rule on any other aspect of the claims against Valcarenghi. In other words, the Trustee contends that the issue of personal jurisdiction had to have been decided before Judge van Gestel could decide any of the merits. I need not reach that issue in this decision, however, because even if I were to decide that the sequence of the Decision was proper, I cannot determine that Judge van Gestel ruled on the merits of the counts against Valcarenghi. In addition to ruling on personal jurisdiction, Judge van Gestel ruled that Valcarenghi could not be subject to a conspiracy claim and any claim against her should be dismissed. The problem, however, is that the counts against her involved breach of the agreements, breach of the covenant of good faith and fair dealing and tortious misconduct. These counts do not rely on the same legal theory as Judge van Gestel described when he ruled regarding conspiracy. Accordingly, I cannot conclude that he ruled on the merits of the counts against Valcarenghi but rather can only conclude that he dismissed the case based upon lack of personal jurisdiction. This type of dismissal does not constitute a dismissal on the merits. See *Cooper v. Principi*, 71 Fed. Appx. 73 (1st Cir. 2003), *see also* Fed.R.Bankr.P. 7041(b). Accordingly, I cannot conclude that res judicata applies to this adversary proceeding.

IV. Conclusion

      For the reasons set forth herein, I will enter an order denying the motion to dismiss.

*[signature]*
William C. Hillman
United States Bankruptcy Judge

Dated: 9/11/06